# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2011

Lyle W. Cayce
Clerk

No. 10-10497
Summary Calendar

DEANNA BLAIR NICKOLS, also known as DeAnna Nickols Territo,

Plaintiff-Appellant

v.

GARY MORRIS, Deputy Sheriff; NFN SMITH, Deputy Sheriff (2523),

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-137

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Deanna Blair Nickols appeals from the district court's dismissal with prejudice of her civil rights claims, filed pursuant to 42 U.S.C. § 1983, against defendants Gary Morris and Dean Patrick Smith. She claimed that Morris unlawfully seized her when she was in her vehicle, both defendants utilized excessive force during her arrest, and she was deprived of proper medical care after she was booked into jail. The district court granted the defendants' motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for summary judgment after determining that Nickols had failed to overcome their defenses of qualified immunity.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). To the extent that Nickols argues that the Palo Pinto County Sheriff's Department is liable for her instant claims, we lack jurisdiction to consider that argument. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). The Palo Pinto County Sheriff's Department was dismissed with prejudice in an earlier judgment, certified as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that was not appealed from by Nickols.

Nickols argues that the district court erred by admitting a DVD containing a video recording of her arrest, denying her discovery requests, and striking medical records she submitted with her response to the summary judgment motion. The district court relied upon the DVD after determining that it was authenticated and an accurate record of the events at issue. Nickols fails to show why any additional proof was required to authenticate the DVD. Moreover, the district court did not abuse its discretion by denying Nickols's discovery requests prior to resolving the qualified immunity issue. *See Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998). In addition, the evidence she sought via discovery and the medical records she submitted were not necessary for resolution of her claims.

When a defendant pleads qualified immunity as a defense, as in this case, the court must determine whether the facts alleged by the plaintiff set forth a violation of a constitutional right and whether the constitutional right was clearly established at the time of the alleged misconduct. *See Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Nickols failed to show that she was subjected to an unlawful seizure under the Fourth Amendment because the evidence shows that Morris had at least a reasonable suspicion that she had committed a traffic infraction when he conducted the traffic stop and his actions

immediately following the traffic stop were reasonably related to dispelling his reasonable suspicion developed during the stop. *See United States v. Pack*, 612 F.3d 341, 364 (5th Cir. 2010), *cert. denied*, 2010 WL 4155825 (U.S. Nov. 15, 2010). Nickols failed to show that her Fourth Amendment rights were infringed by the defendants' use of excessive force during her arrest because the record does not show that the defendants' use of force was clearly excessive to the need and was objectively unreasonable. *See Hill v. Carroll County, Miss.*, 587 F.3d 230, 234 (5th Cir. 2009).

Regarding her claim for lack of proper medical care, Nickols has not shown that the defendants were personally involved in, or causally connected to, her access to medical care while in jail. *See James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Furthermore, she cannot show that they exhibited deliberate indifference to her alleged lack of medical care because there is no indication that they had any knowledge of her situation. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To the extent that she alleges a conspiracy between the defendants and the Palo Pinto County Sheriff's Department, that claim fails because she cannot show an underlying § 1983 violation. *See Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

Accordingly, the judgment of the district court is AFFIRMED.